```
                                UNITED STATES DISTRICT COURT
                                SOUTHERN DISTRICT OF FLORIDA

                                CASE NO.09-23429-Civ-Ungaro-Benages
                                MAGISTRATE JUDGE P. A. WHITE

JERRY LYNN DAVIS,               :

        Movant,                 :

v.                              :    REPORT OF MAGISTRATE
                                     JUDGE ON FINAL MOTION
                                     FOR VOLUNTARY DISMISSAL
UNITED STATES OF AMERICA,       :

        Respondent.             :
_____
```

This matter is before the Court on the movant's initial pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, challenging unlawful detainment, the U.S. Parole Commission abandoning its duties and obligations, and the abandonment by his court appointed counsel. (Cv-DE#1). The movant has recently filed a final motion to dismiss this habeas petition on the basis that his release date was recalculated and that he is set to be released on January 22, 2010. (Cv-DE#17).

A brief procedural history reveals that the movant was sentenced on August 21, 2008, in the Middle District of Florida to 13 months imprisonment for violating his supervised release. (Cv-DE#18,Ex.A). Accordingly, the movant's release date was November 8, 2009. (Cv-DE#18,Ex.B). Thereafter, on November 10, 2009, the movant filed a petition pursuant to 28 U.S.C. §2241 challenging unlawful detainment and abandonment by his court appointed counsel. (Cv-DE#1). On November 23, 2009, the movant's release plan was investigated and denied because the individuals whom the movant was going to reside with had a prior criminal record. (Cv-DE#18,Ex.C). That same day, the movant signed a modification of release, wherein he agreed to reside in the Residential Re-Entry Center for 180 days

or until he secured a residence and steady employment. (Cv-DE#18,Ex.4).

Subsequently, on November 25, 2009, the movant filed his first motion to withdraw his petition. (Cv-DE#4). On December 2, 2009, the undersigned issued a report recommending that the movant's motion for voluntary dismissal be granted and that his motion to vacate be dismissed without prejudice. (Cv-DE#5). However, on December 8 2009, the movant filed objections thereto arguing that due to his change in release date, he wished to have his petition reinstated. (Cv-DE#11). Then, on December 8, 2009, the movant filed a motion for leave to amend his initial petition and also filed an amended complaint. (Cv-DEs#12,13). The amended complaint continued to challenge his unlawful detainment, but withdrew his complaint against his court appointed counsel since his attorney did in fact "[come] forward to assist in this matter." (Cv-DE#13).

Accordingly, on December 20, 2009, the District Court Judge denied the movant's motion to withdraw (Cv-DE#4) and rejected the recommendation to dismiss the habeas corpus petition. (Cv-DE#15). Thereafter, on January 4, 2010, the movant filed a final motion to withdraw his petition, asserting that his release date has been recalculated and that he is set to be released on January 22, 2010. (Cv-DE#17).

Despite the movant's motion to voluntarily dismiss his petition, the government argues that the district court lacks jurisdiction to consider the movant's petition and therefore, the petition should be denied. (Cv-DE#18). Specifically, the government asserts that a petition filed pursuant to 28 U.S.C. §2241 is subject to two conditions. First, the petition must be brought against the petitioner's warden and must be filed in the district

2

in which the petitioner is confined. Nelson v. George, 399 U.S. 224 (1970). Second, a §2241 petition can only be pursued after all administrative remedies have been exhausted. Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992). Despite the prerequisites,[1] the movant does not satisfy the second requirement because in his pleadings he fails to establish that he exhausted his administrative remedies. (Cv-DE#18:4); see United States v. Herrera, 931 F.2d 761, 764 (11th Cir. 1991). Accordingly, the district court lacks jurisdiction and therefore the movant's petition should be denied. (Cv-DE#18:4).

Because dismissal of this habeas petition does not waive any procedural defenses which may apply to any future habeas petition, the movant is cautioned that dismissal of this petition may not guarantee federal consideration of his claim should he re-file another petition at a later time.

For the foregoing reasons, it is recommended that the movant's motion for voluntary dismissal be granted, and that the petition for habeas corpus be dismissed, without prejudice except as to any application of the federal statute of limitations and other procedural defenses which may apply. In the alternative, it is recommended that this petition should be dismissed for failure to exhaust his administrative remedies.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. IF THE MOVANT UPON CONSIDERING THE INFORMATION CONTAINED IN THIS REPORT DECIDES HE DOES NOT WITH TO DISMISS THIS CASE BUT INSTEAD WISHES TO

---

[1] The government concedes that the first requirement was satisfied. (Cv-DE#18:3).

GO FORWARD WITH THIS MOTION, HE SHOULD SAY SO <u>PROMPTLY</u> IN OBJECTIONS TO THIS REPORT.

    Signed this 25th day of January, 2010.

                                      UNITED STATES MAGISTRATE JUDGE

cc:    Jerry Lynn Davis, <u>Pro Se</u>
       Reg. No. 06459-018
       Miami Federal Detention Center
       Inmate Mail/Parcels
       P.O. Box 019120
       Miami, Florida 33101

       Anne Ruth Schultz, AUSA
       United States Attorney's Office
       99 NE 4th Street
       Miami, Florida 33132

       Sharad A. Motiani, AUSA
       United States Attorney's Office
       99 NE 4th Street
       Miami, Florida 33132